# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CHARLES N. MICELI,**

    **Plaintiff,**

**vs.**                                                                 **Case No. 4:07cv480-SPM/WCS**

**JAMES R. McDONOUGH, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* inmate, has filed an emergency motion for a restraining Order and request for a court hearing. Doc. 6. Plaintiff contends that he has been returned to a Correctional Institution from which he was removed in June, 2007, due to cooperation with the Office of the Florida Attorney General. Doc. 6. Plaintiff asserts he is housed in a disciplinary confinement building and has been for over a month. *Id.* He also complains about the denial of medical care and the fact that he has been denied access to the telephone to speak with his family and to "contact the courts to set hearing in a pending lawsuit." *Id.*

Plaintiff's allegations have been reviewed and fail to present specific facts to reveal he is in danger of physical injury by either inmates or correctional personnel.

Plaintiff's allegations are vague and do not demonstrate with any specific facts *why* he challenges his housing placement at Gulf Correctional Institution.

Furthermore, the allegations concerning his medical treatment are insufficient as Plaintiff has access to medical personnel, even though he was seen by a physician's assistant rather than a doctor. The physician's assistant is not a named Defendant in this case. *See* doc. 6.

The denial of access to a telephone is also insufficient. Plaintiff appears to have adequate access to the courts through written documents and, presumably, may also contact his family in this manner.

Moreover, Plaintiff fails to assert any action by any named Defendant in the complaint. These general claims do not provide a causal connection to the Defendants in this case and, therefore, it is unclear that relief could be provided to Plaintiff.

As the motion is facially insufficient to show that Plaintiff is in need of emergency treatment, it should be denied. Another reason to deny the motion is that the complaint has been reviewed and it, too, is insufficient. A more thorough review of the complaint must await receipt of Plaintiff's initial partial filing fee as assessed on November 16, 2007, *see* doc. 5, but Plaintiff has presented too many factual allegations in each numbered paragraph and, thus, the complaint fails to comply with Federal Rule of Civil Procedure 10(b). Pursuant to Rule 10(b), all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances." Fed. R. Civ. P. 10(b). In its present form, the allegations of Plaintiff's complaint could not be appropriately responded to by the

Defendants.  Nevertheless, Plaintiff will not yet be ordered to submit an amended complaint as the Court must await receipt of the initial partial filing fee.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's emergency motion for a restraining order, doc. 6, be **DENIED** as facially insufficient, and the case be **REMANDED** for further proceedings, including requiring Plaintiff to file an amended complaint.

**IN CHAMBERS** at Tallahassee, Florida, on November 26, 2007.

 s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**