IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**CHARLES N. MICELI,**

    **Plaintiff,**

vs.                                        Case No. 4:07cv480-SPM/WCS

**JAMES R. McDONOUGH, et al.,**

    **Defendants.**

_____/


## SECOND REPORT AND RECOMMENDATION

Plaintiff, a *pro se* inmate, has filed a second emergency motion for a restraining Order and request for a telephonic hearing. Doc. 8. This second motion has been filed in response to the report and recommendation, doc. 7, which recommended denial of Plaintiff's first such request, doc. 6. The first report and recommendation, doc. 7, issued on November 26, 2007, is currently pending and has not yet been reviewed by the assigned District Judge.

In the instant motion, Plaintiff contends he is "in exigant [sic] danger, mortal perill [sic], and requires this Court to please conduct a [sic] immediate hearing and issue a T.R.O. based upon the" fact that he has been notified that he will be transferred to Florida State Prison and placed in Close Management III status. Doc. 8, p. 2. Plaintiff alleges that placing him at that institution would be life threatening because he "is

known as ex-LEO and state witness."  Id.  Plaintiff contends that there is a contract out on him to "stab on site" because of his assistance in a drug intervention at "FSP's sister facility, New River West."  Id., at 3.  He contends his transfer there is retaliatory and the Department of Corrections has "no valid basis to punish him."  Id.  Plaintiff further contends that he "has aided in putting dangerous, violent killers in prison in 2 states," and that he is in serious jeopardy "if placed at FSP or any open population unit in this state, and that FDOC cannot produce any evidence to warrant his placement at FSP or any C-M [close management] facility."  Id., at 4.

    This second motion should be denied as well.[1]  A civil rights action is used to challenge *unconstitutional* conditions of confinement and a restraining order or injunction must relate to those conditions.  Plaintiff has not shown that he has been, or is subject, to unconditional conditions because Plaintiff does not have a constitutional right to be housed in a particular prison, in a particular region, or with particular privileges or custody levels.  Meachum v. Fano, 427 U.S. 215, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); Montayne v. Haymes, 427 U.S. 236, 96 S. Ct. 2543, 49 L. Ed. 2d 466 (1976).  Both Meachum and Montanye held that intrastate prison transfers did not implicate the prisoners' due process rights.  Shortly thereafter, the Supreme Court held in Olim v. Wakinekona, 461 U.S. 238, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983), that

---

[1] In his first motion, Plaintiff alleged that he had been returned to a Correctional Institution from which he was removed in June, 2007, due to cooperation with the Office of the Florida Attorney General.  Doc. 6.  Plaintiff stated he was housed in a disciplinary confinement building and had been there for over a month.  Id.  He complained about the denial of medical care and the denial of access to the telephone to speak with his family or "contact the courts to set hearing in a pending lawsuit."  Id.  I recommended in a report and recommendation that the motion be denied because Plaintiff failed to show he was in danger of physical injury.  Doc. 7, p. 1-2.

transferring a prisoner from a Hawaii state prison to a California prison did not implicate a liberty interest protected by the Due Process Clause. Prisoners simply do not have the right to remain incarcerated within a particular geographic area. Meachum, 427 U.S. at 224, 96 S. Ct. at 2538. Thus, while Plaintiff may understandably be concerned about his safety in a prison due to his alleged past work in law enforcement, Plaintiff has no right to remain at a particular prison or to prevent his transfer to a specific prison. Moreover, Plaintiff has no right to a particular custody level in prison. Those are issues relegated to the discretion of prison officials. Because Plaintiff has not alleged any facts showing that his constitutional rights are being violated or will be violated should he be transferred, this second emergency motion must be denied.

Furthermore, to the extent Plaintiff claims that transferring him is negligent and reckless, such actions do not state a claim either. The Supreme Court has held that a state official's negligent conduct, even though it causes injury, does not constitute a deprivation under the Due Process Clause. Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986). Plaintiff must allege more than negligence on the part of state officials to present a viable claim in a civil rights action filed under 42 U.S.C. § 1983.

Plaintiff's allegations have been reviewed and fail to present specific facts to reveal he is in danger of physical injury by either inmates or correctional personnel. Simply being transferred to a particular prison is not enough to show Plaintiff's life is in danger. Plaintiff has not shown that there are no housing conditions that can assure his safety while he is incarcerated in Florida prisons.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second emergency motion for a restraining order, doc. 8, be **DENIED** as facially insufficient, and the case be **REMANDED** for further proceedings, including requiring Plaintiff to file an amended complaint.

**IN CHAMBERS** at Tallahassee, Florida, on December 11, 2007.


     s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**